**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**AMERICORE HOLDINGS, LLC, *et al.***[1]<br><br>**Debtors.** | **Chapter 11**<br>**Jointly administered**<br><br>**Case No. 19-61608** |
| **ST. ALEXIUS HOSPITAL CORPORATION #1,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOVITA CARRANZA, in her capacity as Administrator for the U.S. Small Business Administration,**<br><br>**Defendants.** | **Adversary No. 20-06005** |

**EMERGENCY MOTION FOR SUPPLEMENTAL *EX PARTE* RELIEF IN CONNECTION WITH THE TEMPORARY RESTRAINING ORDER ENTERED ON MAY 8, 2020**

St. Alexius Hospital Corporation #1 ("St. Alexius"), as plaintiff herein, and as a debtor in the Chapter 11 cases being jointly administered under the lead case of *In re Americore Holdings, LLC*, by and through Carol L. Fox, the Chapter 11 Trustee ("Ms. Fox" or "Trustee"), respectfully requests supplemental relief in the form of inclusion of additional language in the temporary restraining order ("TRO") (Doc. No. 13) entered by the Court on May 8, 2020 as necessary to

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

protect St. Alexius' place in line for the Paycheck Protection Program ("PPP") funds as of April 27, 2020, the date Defendant, Jovita Carranza, in her capacity as Administrator for the U.S. Small Business Administration ("Administrator") first deemed St. Alexius ineligible to apply for PPP relief by virtue of the Plaintiff's present involvement in a bankruptcy case. Plaintiff has attached hereto as **Exhibit A** a proposed form of order in redline containing the limited additional language Plaintiff seeks to preserve its place in line before the second tranche of PPP funds are depleted. In support of the Motion, Plaintiff respectfully states as follows.

## JURISDICTION, VENUE, STATUTORY BASIS FOR RELIEF AND CONSENT TO FINAL ORDERS

1. This Court has jurisdiction over matters pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Further, pursuant to Local Rule 83.12, all matters arising under or arising in or related to cases arising under title 11 are referred to the Bankruptcy Court. *Amedisys, Inc., et al. v. Nat'l Century Fin. Enters., Inc. (In re Nat'l Century Fin. Enters., Inc.),* 423 F.3d 567, 573 (6th Cir.2005) (district courts may refer title 11 cases and related cases to bankruptcy courts).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding. 28 U.S.C. § 157(b)(2).

3. This Motion is brought pursuant to Rule 65 of the Federal Rules of Bankruptcy Procedure, which is applicable to this adversary proceeding pursuant of Rule 7065 of the Federal Rules of Bankruptcy Procedure.

4. St. Alexius and the Trustee consent to entry of final orders by this Court in this adversary proceeding.

## RELEVANT BACKGROUND

5. On April 27, 2020 St. Alexius applied for PPP relief and was deemed ineligible for such relief by the Administrator by virtue of being presently involved in a bankruptcy case. On

May 4, 2020, St. Alexius again applied and was again deemed ineligible by the for the same reason. *See* Complaint, Doc. No. 1, Composite Exhibits G and I.

6. Following a hearing, on May 8, 2020 the Court entered the TRO permitting St. Alexius to apply for the PPP funds without reference to St. Alexius' status as a debtor and enjoining the SBA/Restrained Parties from excluding St. Alexius from consideration for PPP relief based upon its status as a Chapter 11 debtor.

7. After the entry of the TRO, the Trustee and Trustee's counsel worked with a U.S. Bank representative to upload St. Alexius' PPP application which is now in process. However, as recognized by the Court in the TRO:

> PPP funds available are finite and diminishing. The money available for the first round of financing was gone quickly, although the argument suggested there are funds in a second tranche. No doubt, those funds will go quickly and will not survive until this dispute is fully litigated. So there is an urgent need to apply for the funds now.

8. Indeed, St. Alexius already missed out on the first tranche of PPP funding, and the second tranche, released on April 24, 2020, is expected to be depleted quickly. *See, e.g.*, Frankel, Robin Saks, *The Paycheck Protection Program Ran Out Of Funding. What's Next For Small Business Owners?*, Forbes, (April 16, 2020) (noting that the first tranche of PPP funding ran out in 14 days), *available at* https: //www.forbes.com/sites/advisor/2020/04/16/the-paycheck-protection-program-ran-out-offunding-whats-next-for-small-business-owners/#1b5be58c7440 (last visited May 14, 2020); Gandel, Stephen, *Round 2 Of Paycheck Protection Program Starts. Better Hurry*, CBS News (April 20, 2020), *available at* https://www.cbsnews.com/news/paycheck-protection-program small-business-lending-round-2/

(last visited May 14, 2020). It is presently uncertain as to whether Congress will offer a third tranche of PPP funding.

9. As such, and based upon the allegations in the Verified Complaint and exhibits thereto (Doc. No. 1, Exhibits A - J) as well as Plaintiff's motion for emergency issuance of a temporary restraining order, preliminary injunction, and permanent injunction against the Defendant (Doc. No. 2), all of which Plaintiff references and incorporates herein, Plaintiff requests supplemental relief in the form of an amended or supplemental TRO, containing the following language in order to preserve St. Alexius' place in line for the first come, first served, PPP funds as of April 27, 2020, the date St. Alexius was deemed ineligible to apply for PPP relief by virtue of being presently involved in a bankruptcy case:

> The Administrator shall not authorize, guarantee, or disburse funds appropriated for loans under PPP without reserving sufficient funds or guarantee authority within the scope of the second appropriation to fund PPP to provide the Debtor with access to funds under PPP if the Debtor is eligible after implementation of the terms of this temporary restraining order and any appellate or judicial process with respect to any application filed by the Debtor. Nothing in this paragraph is intended to limit the ability of a commercial lender that is one of the Restrained Parties from issuing PPP loans to borrowers. Rather, the Administrator shall ensure that she has sufficient authority within the scope of amounts appropriated for PPP as of April 27, 2020 (the date on which the Debtor was first deemed ineligible for PPP relief on the basis of being presently involved in a bankruptcy) to guarantee a loan to the Debtor in an amount the Debtor may be qualified to obtain, if the Debtor is eligible subject to the terms of this order and after consideration of any administrative and judicial appeals and resolution of the claims in the Debtor's Complaint.

10. Several courts have entered TROs containing similar or identical language to that requested here. *See*, *Penobscot Valley Hosp. v. Carranza* (*In re Penobscot Valley Hosp.*), No. 20-1005 (MAF) [Doc. No. 18] (Bankr. D. Me. May 1, 2020); *Calais Reg'l Hosp. v. Carranza* (*In re Calais Reg'l Hosp.*), No. 20-1006 (MAF) [Doc. No. 21, p. 11 ¶ (c)(iii)] (Bankr. D. Me. May 1, 2020); *Springfield Hosp. v. Carranza*, (*In re Springfield Hospital*, *Inc.*), No. 20-1003 (CAB), [Doc.

No. 19, p. 4 ¶ (iii)] (Bankr. D. Vt. May 5, 2020). Attached hereto as **Exhibits B, C, and D** are true and correct copies of orders granting such relief to other debtor hospitals, Penobscot Valley Hospital, Calais Regional Hospital, and Springfield Hospital. The same relief is merited here.

11. Plaintiff's need for this funding is clear from the record before the Court and matters of public record.

12. Plaintiff served a copy of this Motion on the Administrator, her deputy director for the District of Kentucky and the federal government by U.S. Mail as follows:

Ms. Jovita Carranza
U.S. Small Business Administration
409 3rd Street S.W.
Washington, D.C. 20416

Attorney General Daniel Cameron
Attn: Civil Process
State of Kentucky
700 Capital Avenue
Suite 118
Frankfurt, KY 40601

Lee Gentry, Chief, Civil Division,
US Attorney's Office,
Eastern District of Kentucky
260 W. Vine Street, #300
Lexington, Kentucky 40507-1612

Robert M. Duncan, Jr.
United States Attorney
District of Eastern Kentucky
260 W. Vine Street
Suite 300
Lexington, KY 40507-1612

Attn: Civil Process Clerk
Office of the U.S. Attorney
District of Eastern Kentucky
260 W. Vine Street, #300
Lexington, Kentucky 40507-1612

Additionally, a copy of the Motion was sent to the following individuals by e-mail:

Callie R. Owen
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Kentucky
260 W. Vine Street, #300
Lexington, Kentucky 40507-1612
Email: Callie.R.Owen@usdoj.gov
Counsel to Jovita Carranza, *in her capacity as Administrator for the U.S. Small Business Administration*

Marc S. Sacks
US Department of Justice
1100 L St NW
Washington, DC 20005
Email: marcus.s.sacks@usdoj.gov
Counsel to Jovita Carranza, *in her capacity as Administrator for the U.S. Small Business Administration*

Robert Coffey,
Acting District Director,
Small Business Administration
Mazzoli Federal Building,
600 Dr. Martin Luther King Jr. Place,
Room 188,
Louisville, KY 40202
robert.coffey@sba.gov

U.S. Bank
c/o Michele Hintz
721 Locust Street
St. Louis, MO 63101
Michele.hintz@usbank.com

**CERTIFICATION OF MOVANT'S ATTORNEY REGARDING EX PARTE RELIEF**

13. The undersigned submits that it has satisfied the elements of Rule 65(b)(1) of the Federal Rules of Civil Procedure such that relief can be granted *ex parte*. A copy of this Motion has been served to the individuals and in the manner set forth above. As such, the Plaintiff requests that the Court find such notice adequate under the circumstances. Fed. Bankr. P. 2002(m). In

addition, emergency *ex parte* relief is merited to protect St. Alexius' place in line for the PPP funds before the second tranche of funding is depleted.

## CONCLUSION

The Debtor requests that the Court enter an order (1) granting this Motion, (2) entering a supplemental temporary restraining order in the form attached hereto as **Exhibit A-1**, and (3) granting such further relief as the Court deems proper and just.

Dated May 14, 2020

*/s/ Tiffany Payne Geyer*
Tiffany Payne Geyer
Fla. Bar. No. 421448
Elizabeth A. Green
Fla. Bar. No. 0600547
**BakerHostetler, LLP**
200 South Orange Ave.
Suite 2300
Orlando, FL 32801
Tel. 407-649-4079
Fax: 407-841-0168
tpaynegeyer@bakerlaw.com

*Counsel to Chapter 11 Trustee*

## VERIFICATION

I, Carol L. Fox, am the Chapter 11 Trustee of St. Alexius Hospital Corporation #1 and declare under penalty of perjury under the laws of the United States of America that the statements in paragraphs 5, 6, 7, 8, 9, 11, and 12 of the foregoing Motion are true and accurate, to the best of my knowledge and belief, and, if not based on my own personal knowledge, that I believe such allegations to be true and correct.

Date: May 14, 2020

Carol L Fox

Solely in her capacity as Chapter 11 Trustee of Americore Holdings, LLC, *et al.*, and not in any other capacity